The motion in the County Court was, that the record of the probate of the last will and testament of William S. Alexander, should be amended and made perfect at January term, 1827, so as to show, that at that term such will was submitted for probate, and that a jury was empannelled and sworn, to try whether the paper writing offered was the will of the said Alexander, and that the jury did find that the paper writing which was set forth in the motion, in totidem verbis, was the last will and testament of the said Alexander, and was duly executed to pass his personal estate but not his realty: and further, to show that the executors qualified, c.
Upon hearing the evidence, the County Court refused to make the amendment as prayed. Upon the appeal to the Superior Court, the evidence was again heard, and upon argument, it was adjudged that the decision of the County Court should be reversed; and it was further adjudged, "that the record of the probate of the last will and testament of the late W. S. *Page 451 
Alexander should be amended and made perfect, nunc pro tunc, so as to show at January term, 1827, as follows:" (The specific amendment which was required to be made is set forth in this judgment of the Court below, embracing the will, the probate, the qualification of executors, c.) From which judgment the defendant appealed.
The judgment of the Court below, in favor of allowing the amendment asked for, is fully supported by, and must be affirmed upon, the authority of the cases of Freeman v. Morris, Busb. Rep. 287. Phillipse v. Higdon, ibid 380.Pendleton v. Pendleton, ante 135, and Mayo v. Whitson, ante 231, in which the subject will be found to be fully discussed and explained.
PER CURIAM. Judgment affirmed.